LAW OFFICES OF

# AMBROSE WOTORSON

A PROFESSIONAL CORPORATION
SUITE 1811
26 COURT STREET
BROOKLYN, N.Y. 11242
TELEPHONE: 718 797-4861
FACSIMILE: 718 797-4863

October 29, 2013

**Via ECF:**
Hon. James Orenstein, USMJ
United States Court House
Eastern District of New York
225 Cadman Plaza Eat
Brooklyn, NY 11201

Re:        Mehmeti v. JoFaz
           12-Cv-5880

Dear Honorable Magistrate Judge Orenstein:

I represent the plaintiff in the above-styled matter[1], and I write to set forth the true chronology of facts surrounding adversary counsel's desire to subpoena me for a deposition, and my explanation to him why such a course of action was premature.

I "discussed" the matter with him solely via email. I have attached those emails to this submission. (See Exhibit "1").

As your Honor can see from the exchange, I believe there are significantly less-onerous discovery measures that defendant may employ short of vitiating the attorney client relationship by taking my deposition. Indeed, the counsel of one's choice is a fundamental right that should be disturbed only under the rarest of circumstances.

My suggested discovery measures include re-deposing plaintiff on the issue of possible miscommunication/misunderstanding between plaintiff and his counsel; and deposing defendant's daughter about times when she was present and assisted in translating plaintiff's timelines for his counsel.

---

[1] On October 3, 2012, plaintiff was fired on the spot and without the defendant undertaking any interactive process whatsoever when plaintiff explained that he had parked a school bus assigned to him in a non-designated area because he was "very, very sick". The following day, medical personnel at Maimonides Medical Center found that plaintiff was actually suffering from a suspected cancerous mass.

Here, adversary counsel initiated the discussion by simply asking for my availability to be deposed, as opposed to exploring other reasonable avenues to address this issue.

I am loathe to tolerate any more of adversary counsel's bullying tactics, *including having to endure any more of the kind of vituperative language he used towards me -- on the record -- in the last deposition that he took.*

Respectfully Submitted,

Ambrose W. Wotorson, Jr. (AWW-2412)

1

Law Offices of Ambrose Wotorson
26 Court Street,Suite 1811
Brooklyn, New York 11242
(718) 797-4861 Telephone
(718) 797-4863 Facsimile


This electronic mail message is privileged and confidential and is intended only for the use of the person(s) to whom it is addressed. If you are not the addressee, copying, disclosure or other use of this message and its contents are prohibited by applicable law. If you have received the message in error, please advise us by reply e-mail to LOAWW1650@aol.com and delete the message. Because Internet e-mail and attachments can be altered electronically, the integrity of this communication cannot be guaranteed.


------Original Message-----
From: Jamie Felsen <jamiefelsen@mllaborlaw.com>
To: Loaww <loaww1650@aol.com>
Sent: Wed, Oct 23, 2013 3:48 pm
Subject: Mehmeti v. Jofaz

Ambrose,

When are you available for a conference call to address the potential disqualification issue about which Judge Orenstein told us to confer?

On a related note, Defendant requests all documents in your possession, including but not limited to notes and emails, concerning conversations between you and Mr. Mehmeti, his daughter and any other individuals present at meetings between you and Mr. Mehmeti, regarding the facts as he described them to you from your initial meeting through the present.  Please confirm that you will produce this information without the need for me to issue you a subpoena. Additionally, once we receive this information, we will need to schedule your deposition.


Jamie S. Felsen - Partner
Milman Labuda Law Group PLLC
3000 Marcus Ave., Suite 3W8
Lake Success, NY 11042
Telephone (516) 328-8899
Fax (516) 328-0082

This information contained in this message is intended only for the personal and confidential use of the recipient(s) named above. This message may be an attorney-client communication, and as such, is privileged and confidential. If the reader of this message is not the intended recipient, you are hereby notified that you have received this message and the enclosed documents in error and that any review, dissemination, distribution or copying of this message is strictly prohibited. If you have received this communication in error, please notify me immediately.  Thank you.

>

> My sense is that Judge Orenstein believes that there is a real issue here concerning a disqualification.  I believe he meant for us to try to resolve this case so that it doesn't get that far.  My client has very little interest in resolving the case at this point, but if you have an offer, of course I will convey it and relay a counteroffer, if any, to you. Aside from the disqualification issue, your client has major credibility obstacles to overcome. Even before our MSJ, it looks like you will have to put in a decent amount of time on this case, which, in my opinion, is very weak.

>

>

> _____

> Jamie S. Felsen - Partner

> Milman Labuda Law Group PLLC

> 3000 Marcus Ave., Suite 3W8

> Lake Success, NY 11042

> Telephone (516) 328-8899

> Fax (516) 328-0082

>

> This information contained in this message is intended only for the personal and confidential use of the recipient(s) named above. This message may be an attorney-client communication, and as such, is privileged and confidential.  If the reader of this message is not the intended recipient, you are hereby notified that you have received this message and the enclosed documents in error and that any review, dissemination, distribution or copying of this message is strictly prohibited. If you have received this communication in error, please notify me immediately.  Thank you.

>

>

> -----Original Message-----

> From: Loaww [mailto:loaww1650@aol.com]

> Sent: Wednesday, October 23, 2013 4:46 PM

> To: Jamie Felsen

> Subject: Corrected

>

> (1) You may be able to question Mr. Mehmeti -- again -- regarding what discovery material he viewed, and when; (2) To the extent that his daughter was present to help translate in some instances, you may be able to question her as well; (3) *You should review his deposition transcript, but please supply me with a copy as soon as you get it. (4) Moreover, plaintiff will supplement his interrogatory responses, as the Court suggested.

>

> In short, you have at your disposal several discovery alternatives short of filing a premature disqualification motion. You will need to explore those alternatives first. I will not respond to any subpoena without a motion seeking such permission, and a decision on such a motion favorable to your client.

>

> Further, I will only allow an in camera inspection by the magistrate or a district court judge, should you get that far. Your request to take my "deposition" is equally premature, and is almost as offensive as when you termed me "a piece of shit" on the record.

>

> *Further, I note that you made no attempt to "confer" with me before concluding that you will subpoena me and take my deposition. The Magistrate has issued no order on this score, and it merely suggested that we think about how to handle this in advance, if a disqualification issue actually arises.

>

> Ambrose Wotorson, Jr.

>

> Sent from my iPad

Law Offices of Ambrose Wotorson
26 Court Street,Suite 1811
Brooklyn, New York 11242
(718) 797-4861 Telephone
(718) 797-4863 Facsimile

This electronic mail message is privileged and confidential and is intended only for the use of the person(s) to whom it is addressed. If you are not the addressee, copying, disclosure or other use of this message and its contents are prohibited by applicable law. If you have received the message in error, please advise us by reply e-mail to LOAWW1650@aol.com and delete the message. Because Internet e-mail and attachments can be altered electronically, the integrity of this communication cannot be guaranteed.

-----Original Message-----
From: Loaww <loaww1650@aol.com>
To: Jamie Felsen <jamiefelsen@mllaborlaw.com>
Sent: Thu, Oct 24, 2013 5:54 pm
Subject: Re: Corrected

I can't tell you how to proceed.  I made good faith suggestions to you already regarding the additional discovery you claim to want.

Your proposed summary judgment motion is far from a guaranteed success, and I have already explained to you why. I also note that you told the court in a letter that Mehmeti failed to put the company on any kind of notice that he had a qualifying need for FMLA leave before he was fired. I hope you realized, after reviewing the transcript closely, that your assertion was actually wrong

We will respond to the defendant 's MSJ, should defendant be permitted to file one.

Please send Mehmeti's deposition transcript to me promptly.

--Ambrose Wotorson, Jr.

Sent from my iPad

> On Oct 24, 2013, at 4:59 PM, Jamie Felsen <jamiefelsen@mllaborlaw.com> wrote:
>
> (1) I do not see the need to depose Mr. Mehmeti concerning what discovery material he reviewed prior to his deposition.  He already testified that he reviewed his medical records prior to his deposition.
>
> (2) I will depose Mr. Mehmeti's daughter if it makes sense and will not be a waste of time.  Therefore, I need answers to a few questions before I consider this option.  Was Mr. Mehmeti's daughter present and did she act as the interpreter at the initial meeting when he told you what allegedly happened to him?  Was Mr. Mehmeti's daughter present when he provided you with his interrogatory responses?  If the answers to these questions are "no", I don't see how deposing her is a better (or any) alternative to obtaining your notes and deposing you.