UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------x
SUBI MEHMETI,

                Plaintiff,

  - against -

JOFAZ TRANSPORTATION, INC.,

                Defendant.
------------------------------------------------------x

MEMORANDUM AND ORDER

12 Civ. 5880 (ILG) (JO)

GLASSER, Senior United States District Judge:

Plaintiff Subi Mehmeti brings this action against his former employer, Jofaz Transportation, Inc. ("Jofaz" or Defendant), alleging violations of the Family and Medical Leave Act of 1993 ("FMLA"), 29 U.S.C. §§ 2601, et seq., the New York State Human Rights Law, N.Y. Exec. Law §§ 290, et seq. and the New York City Human Rights Law, N.Y.C. Admin. Code § 8-101, et seq. Before the Court is Defendant's motion for summary judgment, pursuant to Rule 56 of the Federal Rules of Civil Procedure. For the reasons set forth below, Defendant's motion is GRANTED.

## BACKGROUND

The following facts are undisputed unless otherwise noted. In September 2010, Mehmeti began his employment with Jofaz as a bus driver. Mehmeti Decl. ¶ 2. He was responsible for transporting students to and from two high schools in Manhattan. Jofaz Statement of Facts ("Jofaz SOF") ¶ 1. His morning bus run began at 6:30 and ended by 8:20 a.m. Id. ¶ 4. After his morning bus run, he was required to return the bus to the Jofaz depot in Brooklyn. Id. ¶ 7; Def. Ex. C at 4. Although personal use of the bus was unauthorized, he was free to do what he pleased until his afternoon bus run began between 2:15 and 3 p.m. Jofaz SOF ¶¶ 5-6.

1

At 4:30 a.m. on October 3, 2012, Mehmeti awoke with sharp pains in his head. Id. ¶ 17. He took Advil and Tylenol and went to work. Id.; Mehmeti Dep. at 62:5-11. He testified that despite the pain, he felt "okay to drive" and was able to operate the bus normally. Mehmeti Dep. at 74:6-12. After his morning bus run ended, he drove to a gas station in Brooklyn to refill the bus tank. Jofaz SOF ¶ 18. At around 9:15 a.m., while still at the gas station, he called his son from his cell phone and told him that he was not feeling well. Id. He asked his son to meet him at P.S. 259, a school located near his home in Brooklyn, and drive him to Maimonides Medical Center ("Maimonides"). Id. ¶ 18; Mehmeti Dep. at 76:19-77:7; 94:6-8. He then drove to P.S. 259, where he parked the bus and met his son. Jofaz SOF ¶ 19. He did not inform anyone at Jofaz that he was in pain and going to the hospital. Id. ¶ 45. He intended to return in time for his afternoon run, which he ultimately did not do. Id. ¶ 43; Mehmeti Dep. at 100:6-8.

The parties dispute the timing and number of Mehmeti's visits to Maimonides that day. In his Complaint and Interrogatory Responses, Mehmeti stated that he was treated at Maimonides at around 10 a.m. on October 3, 2012 and left the hospital at around 11:30 a.m. Jofaz SOF ¶ 19; Compl. ¶¶ 6(k)-(m), (r). In his deposition, Mehmeti expanded upon his previous account and explained that he traveled to Maimonides in the morning of October 3, 2012 to see his primary physician, Dr. Nona Roze. Jofaz SOF ¶ 20. He testified that a receptionist at the hospital informed him that Dr. Roze was not available to see him immediately, but might be available at 4 p.m. that day. Id. ¶ 21. He did not request to see another doctor and left the hospital at around 11:30 a.m. Id. ¶ 22. Maimonides has no record of Mehmeti visiting the hospital and asking to see a doctor that morning. See Declaration of Elaine Gunn ¶¶ 4-5.

2

At some point on that day, after Mehmeti's morning bus run ended, Pedro Rivera, a Field Supervisor for Jofaz, phoned Mehmeti but could not reach him and was unable to locate the bus at the Jofaz depot. Rivera Decl. ¶¶ 3-5. He then drove to Mehmeti's house and on the way, found the bus parked in front of P.S. 259 and not at the Jofaz depot where it was supposed to be. Id. ¶ 5. He returned the bus to the depot and called Leonard D'Amico, Mehmeti's supervisor and the General Manager of Jofaz to inform him that Mehmeti left the bus in front of P.S. 259. Jofaz SOF ¶ 13; D'Amico Decl. ¶ 1.

When Mehmeti returned to P.S. 259 at around noon, he discovered that his bus was gone and called D'Amico. Jofaz SOF ¶ 46. During that phone call, D'Amico terminated him for his unauthorized use of the bus. Id. ¶ 15; D'Amico Decl. ¶ 6. After that call ended, Mehmeti traveled to the Jofaz headquarters, where he told D'Amico that he was in "excruciating pain" and left the bus at P.S. 259 so that he could see his doctor. Mehmeti Decl. ¶ 27. D'Amico allegedly told him that he "did not care for [his] stories" and that he was fired for parking the bus in an unauthorized area. Id. ¶ 29.

After meeting with D'Amico, Mehmeti returned to Maimonides. At around 4:30 p.m. on that same day, Dr. Ranjan Dahal examined Mehmeti; he diagnosed him as having an upper respiratory tract infection and discharged him that afternoon. Id.; Def. Ex. C at 8.

Mehmeti commenced this lawsuit on November 28, 2012. Dkt. No. 1. Jofaz filed its motion for summary judgment on October 1, 2014. Dkt. No. 61. Mehmeti filed his Opposition on November 12, and Jofaz replied on December 1. Dkt. Nos. 67, 72.

## LEGAL STANDARD

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of

law." Fed. R. Civ. P. 56(a). "An issue of fact is genuine if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. . . . A fact is material if it might affect the outcome of the suit under the governing law." Fincher v. Depository Trust & Clearing Corp., 604 F.3d 712, 720 (2d Cir. 2010) (internal quotations and citations omitted). The moving party bears the burden of establishing the absence of any genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). In deciding a motion for summary judgment, the court must "construe the facts in the light most favorable to the nonmoving party and must resolve all ambiguities and draw all reasonable inferences against the movant." Brod v. Omya, Inc., 653 F.3d 156, 164 (2d Cir. 2011) (quotation omitted).

**DISCUSSION**

I. **Violation of the FMLA**

Mehmeti claims that D'Amico terminated him after he took an "emergency leave of absence" on October 3, 2012, which violated his rights under the FMLA. The FMLA provides that an employee who suffers from a "serious health condition that makes the employee unable to perform the functions of [his job]" is entitled to twelve weeks of unpaid leave per year. See 29 U.S.C. § 2612. The statute is clearly inapplicable here. Nothing in the record suggests that Mehmeti suffered from a "serious health condition" and was "unable to perform the functions of [his job]" when he decided to park the bus in front of P.S. 259 rather than returning it to the Jofaz depot the morning of October 3, 2012. He testified that prior to leaving his bus at P.S. 259, he felt "okay to drive," completed his morning bus run successfully, and intended to complete his afternoon bus run. Furthermore, the undisputed record reflects that D'Amico did not terminate Mehmeti after he took a "leave of absence." Rather, Mehmeti was fired after he left the

4

bus in an unauthorized location for two-and-a-half hours during a break between bus runs. The Court finds that Mehmeti's FMLA claim is without merit and grants summary judgment in favor of Jofaz.

## II. State Law Claims

Having dismissed Mehmeti's FMLA claim, the Court declines to exercise supplemental jurisdiction over the remaining state law claims pursuant to 28 U.S.C. § 1367(c)(3). It would be error for the Court to retain jurisdiction over the state law claims where the federal claim is dismissed and leaves the Court with no jurisdiction. See Dunton v. Suffolk Cnty., 729 F.2d 903, 911, amended on other grounds, 748 F.2d 69 (2d Cir. 1984). Accordingly, the Court dismisses the state law claims without prejudice to their renewal in state court.

## CONCLUSION

For the foregoing reasons, Defendant's motion is GRANTED. The Clerk of Court is directed to enter judgment in favor of Defendant and close this case.

SO ORDERED.

Dated: Brooklyn, New York
May 22, 2015

/s/
I. Leo Glasser
Senior United States District Judge