UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------x
SUBI MEHMETI,

                Plaintiff,

- against -

JOFAZ TRANSPORTATION, INC.,

                Defendant.
------------------------------------------------------x

MEMORANDUM AND ORDER

12 Civ. 5880 (ILG) (JO)

GLASSER, Senior United States District Judge:

On May 22, 2015, this Court issued an order, familiarity with which is assumed, granting Defendant's motion for summary judgment and dismissing Plaintiff's claim under the Family and Medical Leave Act of 1993 ("FMLA"). Dkt. No. 74. Plaintiff now moves for reconsideration of that order, pursuant to Rule 60(b) of the Federal Rules of Civil Procedure and Local Rule 6.3. For the following reasons, the motion for reconsideration is DENIED.

Rule 60(b) permits a court to rescind or amend a final judgment or order in limited circumstances. "The standard for granting such a motion is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995). "A motion for reconsideration is not simply a second opportunity for the movant to advance arguments already rejected." Koehl v. Warden, No. 00 Civ. 6499, 2007 WL 680767, at *1 (E.D.N.Y. Mar. 2, 2007).

Plaintiff asserts that the Court erred in determining that he did not suffer from a "serious health condition" and was "unable to perform the functions of [his job]" as

required to seek medical leave under the FMLA. He argues that the Court overlooked facts regarding events which occurred after he was terminated by Defendant for, so he claims, taking a two-and-a-half hour emergency leave of absence. These facts, however, were not overlooked by the Court and are irrelevant. As the Court observed in its prior order, there is no question that Plaintiff was able to perform the functions of his job at the time he purportedly took emergency leave the morning of October 3, 2012, regardless of what may have occurred thereafter. Accordingly, Plaintiff's motion for reconsideration is DENIED.

Dated:    Brooklyn, New York
          July 20, 2015

/s/_____
I. Leo Glasser
Senior United States District Judge